UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA MURRY

       Plaintiff,

v.                                                                                                            Case No. 06-12190
                                                                                                         Hon. Sean F. Cox

DAIMLER CHRYSLER CORPORATION,

       Defendant.
_____

## ORDER

This matter is before the Court on Plaintiff's Motion for leave to file a Second Amended Complaint. Both parties fully briefed the issues and a hearing was held November 6, 2006. For the following reasons, the Court **DENIES** Plaintiff's Motion for leave to file a Second Amended Complaint.

## I. BACKGROUND

This action arises out of alleged violation of employment benefit statutes and employment discrimination against Plaintiff, Donna Murry. Plaintiff was hired by Defendant on January 25, 1999. Plaintiff took a leave from her employment due to depression and back problems on March 3, 2003. She was paid Sickness and Accident ("S&A") benefits during her leave. Plaintiff claims she also had Family and Medical Leave Act ("FMLA") benefits until May 15, 2003. The FMLA provides 12 weeks of unpaid leave.

Under Defendant's policy and the collective bargaining agreement, an employee can use their paid S&A benefits, and save their FMLA benefits, which are unpaid. Employees may also

elect to use S&A benefits concurrently with the FMLA, but according to the collective bargaining agreement, Defendant cannot automatically designate and apply S&A absence time to an employee's FMLA entitlement. Plaintiff used Defendant's call-in system to request S&A time but did not request FMLA time to run concurrently.

On the recommendation of her physician, Plaintiff was allowed to return to work on May 15, 2003. Plaintiff worked the third shift, which begins at 10:30 pm the prior evening. Thus, the May 15, 2003 third shift begins at 10:30 pm on May 14, 2003. On May 15, 2003, Plaintiff reported for work between 8:30 and 9:00 am. Her employment was terminated because she did not report at the beginning of her shift. However, Plaintiff was rehired in October 2003 through a process with the Equal Employment Opportunity Commission ("EEOC"),[1] but, she was not paid back wages.

On May 12, 2006, Plaintiff filed a Complaint. A First Amended Complaint was filed July 17, 2006 alleging: (1) violation of the FMLA; (2) retaliation in violation of the FMLA; (3) violation of the Michigan Persons with Disability Civil Rights Act ("PWDCRA"); (4) retaliation in violation of PWDCRA; (5) retaliation in violation of the Elliott-Larsen Civil Rights Act ("ELCRA"); (6) Intentional Infliction of Emotional Distress; and (7) violation of Title VII of the Civil Rights Act. All of Plaintiff's claims were filed as an individual. A scheduling conference was held August 9, 2006. Discovery proceeded on the premise that Plaintiff's claims were filed as an individual.

On September 8, 2006, Plaintiff filed the instant Motion for leave to file a Second

---

[1] Defendant claims she was rehired via the union grievance process, but the matter is irrelevant for purposes of this motion.

Amended Complaint alleging: (1) violation of the FMLA; (2) retaliation and discrimination in violation of the FMLA; (3) violation of the Michigan Persons with Disability Civil Rights Act ("PWDCRA"); (4) retaliation in violation of PWDCRA; (5) retaliation in violation of the Elliott-Larsen Civil Rights Act ("ELCRA"); (6) Intentional Infliction of Emotional Distress; and (7) violation of Title VII of the Civil Rights Act. Plaintiff seeks to file her violation of the FMLA claim as a class action on behalf of similarly situated employees. In derogation of LR 15.1, Plaintiff did not file her proposed Second Amended Complaint until September 25, 2006.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 15(a) provides, in pertinent part:

> A party many amend the party's pleading once as a matter of course at any time before a responsive pleading is served...[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)(citation omitted). "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Id*. "Abuse of discretion occurs when a district court fails to state the basis of its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Id*.

## III.   ANALYSIS

Plaintiff seeks leave to file a Second Amended Complaint to turn her individual claim of violation of the FMLA into a class action claim on behalf of all similarly situated employees. The court considers several elements in ruling on a motion to amend, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure

deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment..." *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Delay by itself is not sufficient reason to deny a motion to amend." *Id*. "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id*.

Here, Plaintiff undoubtedly delayed in filing a motion to amend the Complaint to state a class action claim. Plaintiff's claim is based on the argument that Defendant's policy requiring employee self-designation for FMLA leave is contrary to the FMLA statutes. The policy requiring employee designation went into effect in 1999. This information was known to Plaintiff at the time the original Complaint was filed. Although the information was available, Plaintiff failed to include the amendment in her First Amended Complaint filed July 17, 2006. Plaintiff contends the timing of her Motion to amend cannot be considered delayed because it was filed on September 8, 2006, the last day for timely motions to amend according to the parties Fed.R.Civ.P. 26 plan. However, Plaintiff did not file the proposed Second Amended Complaint until September 25, 2006. The parties filed their witness lists on November 1, 2006. Discovery closes January 31, 2007.

Allowing Plaintiff to amend her Complaint to change her individual claim to a class action claim would unduly prejudice Defendant. The proposed amendment would transform this case into extremely complex litigation that would require extensive additional discovery by Defendant, as well as significantly delaying this proceeding. Based on the nature of the claim, Defendant would need to investigate the factual situation surrounding the similarly situated employees, essentially starting discovery anew. The class potentially contains thousands, if not

4

tens of thousands, of DaimlerChrysler employees throughout the United States.  At the hearing, Defendant argued that it would be required to identify every employee that had S&A leave over the past three years and determine whether they were eligible for FMLA leave, and the nature of possible damages.  Plaintiff admitted at the hearing that discovery would be needed regarding employee attendance records; pay records; contact information; and damages.  Plaintiff estimates that there are 200 class members at her plant alone.  Given the size and location of Defendant throughout the United States, discovery would require far more than the few months that currently remain.  Discovery could take as long as several years.  Additionally, Plaintiff concedes denying her Motion would not prejudice her.

Accordingly, Plaintiff's Motion to amend the Complaint is denied based on undue delay; failure to cure the deficiency in previous amendments; and prejudice to the opposing party. Because this disposes of the Motion, the Court does not reach Defendant's additional arguments.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for leave to file a Second Amended Complaint.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  November 8, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2006, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                          Case Manager